GORDON E. R. TROY, PC
Gordon E. R. Troy
3333 Lake Road
PO Box 368
Charlotte, VT 05445
(802) 881-0640 Phone
(646) 588-1962 Fax
gtroy@webtm.com E-mail

*Attorney for Plaintiff, Tibi, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIBI, LLC

                Plaintiff,

- against -

Tibi Tonic USA, LLC, Brooklawn Enterprises, LLC and Andrew Maruska

                Defendants.

Case No.: _____

JAN 17 2013
U.S.D.C. S.D.N.Y.
CASHIERS

---

### COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND TRADE DISPARAGEMENT

Plaintiff TIBI, LLC ("TIBI"), through its attorney, complaining of Defendants, alleges as follows:

### NATURE OF ACTION

1. This is an action by TIBI, a well-known and highly respected fashion design house seeking injunctive relief and damages against the three Defendants who have adopted and are using the mark or designation, "Tibi Tonic" (the "Infringing Mark") in connection with the

marketing, promotion, sale and distribution of a drink that claims to reduce the effects of a hangover. Defendants are not only trading on Plaintiff's goodwill by adopting a mark or designation that is substantially similar to Plaintiff's federally registered trademarks, but also are advertising and marketing their product to an industry in which Plaintiff has long enjoyed distinctiveness and earned substantial goodwill. Moreover, by associating TIBI with profligate drinking and a product that makes apparently unsupported health claims, Defendants are tarnishing TIBI's trademarks, business reputation and goodwill.

## THE PLAINTIFF

2. Plaintiff TIBI, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business 666 Broadway, 10th floor, New York, NY 10012. TIBI is authorized to do business in the State of New York.

## THE DEFENDANTS

3. Upon information and belief, Defendant Tibi Tonic USA, LLC ("TONIC") is a limited liability company formed under the laws of the State of Delaware and having as its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. According to TONIC's website, TONIC also has a business address at 1799 Bayshore Hwy, Suite 208, Burlingame, CA 94010.

4. Upon information and belief, defendant Brooklawn Enterprises LLC ("Brooklawn") is a limited liability company formed under the laws of the Cayman Islands and having a business address at 62 Mary Read Crescent, P.O. Box 1749 Grand Cayman Islands, KY1-1109.

5. Upon information and belief, defendant Andrew Maruska ("Maruska") is an individual who resides and works at 100 Clinton St., Apt. 3, New York, NY 10002, and, together with TONIC, developed the Infringing Mark, packaging and collateral materials.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court because this litigation arises under 15 U.S.C. § 1051 et seq. (the "Lanham Act"). This Court has jurisdiction over this action under 15 U.S.C. § 1121 (original jurisdiction on matters arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C § 1338(a) (trademarks). In addition, this Court has jurisdiction over pendant New York state claims pursuant to 28 U.S.C. § 1367.

7. Upon information and belief, this Court has personal jurisdiction over Defendants, each of whom conducts promotional and other business in the Southern District of New York.

8. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendants have substantial contacts with this judicial district and/or a substantial part of the events giving rise to the claims in this Complaint occurred in this judicial district and at least one Defendant (Maruska) is subject to the court's personal jurisdiction.

## GENERAL ALLEGATIONS AND FACTS

9. TIBI is a well-known and highly-regarded fashion design house based in New York City. Its flagship store, located in Soho at 120 Wooster Street, has been open since 2006.

10. TIBI's fashion shows, which generally occur in September and February in conjunction with New York Fashion Week (also known as Mercedes Benz Fashion Week), are regularly reviewed in the local New York media (e.g., *New York Times*, *New York Post*, *New York* magazine, *WWD*) and the national and international fashion media (e.g., *Elle*, *Vogue*), as well as online (e.g., the websites for the aforementioned magazines, *The Huffington Post* and dozens of fashion blogs).

11. The official website for the Mercedes Benz Fashion Week describes TIBI as follows:

> TIBI is now one of the largest contemporary lines found in over 600 specialty stores and upscale department stores worldwide, including Bergdorf Goodman, Saks Fifth Avenue, Neiman Marcus, Bloomingdales, Net-a-Porter, Shopbop, Harvey Nichols, Harrods and Selfridges. TIBI has opened showrooms in Dallas, London, Milan, Australia and Germany. Additionally, a licensing deal in Tokyo has resulted in the opening of 15 stores.

*See*, http://www.mbfashionweek.com/designers/tibi/, a screenshot of which is attached as Exhibit 1.

12. TIBI has also operated its website, www.tibi.com, since the year 2000.

13. TIBI enjoys a following among celebrities, many of whom have been photographed for newspapers, magazines and blogs wearing TIBI fashions. Celebrities who have been photographed wearing, or who have praised, TIBI fashions include Blake Lively, Emma Roberts, Heidi Klum, Demi Moore, Liv Tyler, Scarlett Johansson, Drew Barrymore, Reese Witherspoon, Analiegh Tipton and the mega-platinum recording artist, Beyoncé. Beyoncé was recently seen in TIBI clothing at a Brooklyn Nets game which she attended with her music-mogul husband and mega-platinum rapper, Jay-Z. *See* Exhibit 2, containing screen captures from the websites of *Fashion Bomb Daily* (Nov. 3, 2012), www.fashionbombdaily.com, *New*

*York* magazine (Nov. 5, 2012), www.nymag.com and the *New York Times* (Nov. 7, 2012), http://www.nytimes.com/2012/11/08/fashion/sales-and-events-in-new-york-city-starting-nov-8.html. Each of the web pages prominently notes that Beyoncé is wearing TIBI.

14. TIBI is the owner of five registered trademarks and two applications, all of which embody the word "TIBI." Collectively the registrations cover goods and services in Classes 03 (perfume), 14 (jewelry), 18 (bags), 25 (clothing), 26 (hair ornaments), 27 (wall and floor coverings), 35 (retail and online stores). Two of these trademarks, U.S. Reg. Nos. 2399688, 2446419, are incontestable. Attached as Exhibit 3 are the registration certificates for the five federally registered TIBI marks (hereinafter referred to as the "TIBI Marks").

15. TIBI has invested a great deal of time, resources and effort to promote the TIBI Marks and to develop and maintain an excellent reputation and substantial goodwill for itself and the TIBI Marks.

16. The TIBI Marks are distinctive and were distinctive prior to the date Defendants first adopted their trademark and trade name, "Tibi Tonic."

17. TIBI recently discovered that Defendants were in the process of launching a product known as "Tibi Tonic" which claims to reduce the effects of a hangover following a night of profligate drinking. Defendants' homepage for the product, www.tibitonic.com, boasts:

> Big Night, Better Morning. Welcome to the home of Tibi Tonic. The one of a kind low-calorie restorative elixir that helps prevent the effects of a hangover. So you can indulge like there is no tomorrow and wake up like there was no last night.

Screen captures of Defendants' website are attached hereto as Exhibit 4.

18.     Defendant Maruska's website, at andrewmaruska.com/projects/TibiTonic/, claims that Tibi Tonic is "a mixer full of nutrients that will put back everything you are drinking out."

19.     Tibi Tonic is being marketed to a young, fashion-conscious demographic, a marketing niche in which TIBI has long enjoyed eminence and earned substantial good will. Defendants' marketing efforts have included:

   (a) publishing on their website the following: (1) on the homepage, a videoclip showing a fashionably dressed young woman getting ready for a date, dancing, vamping, imbibing alcohol and embracing a fashionably dressed young man; (2) a backstage-style fashion photograph associating Tibi Tonic with high fashion ("Tibi Tonic loves nothing more than an edgy twist on a chic classic, so these timeless chignons with luminous pearls are right up our runway…"); and (3) a backstage-style photograph depicting a young man holding a small bottle of Tibi Tonic, although the word "Tonic" is partially obscured by his hand;

   (b) using a sign in its promotions that says "Fashion Week Survival? Look No Further! Forget about that hangover!"

   (c) co-sponsoring the "Foodie Brat Launch Party" in April, 2012; and

   (d) participating in a "gifting event" for bloggers at Caravan Stylist Studio, located in New York City, in March 2012.

20.     Defendants have also produced t-shirts bearing the words "TIBI TONIC," with the word "TONIC" below "TIBI."

21.     Upon information and belief, Defendant is also using the mark or designation, "Tibi Cocktails."

22.     Defendant Brooklawn attempted to register TIBI TONIC on the Principal Register in the United States Patent and Trademark Office ("PTO") pursuant to 15 U.S.C. Section 1051(b) (intent to use), but registration was refused on September 18, 2012, on the basis that the applied-for mark was "deceptively misdescriptive," Serial No. 85240363.

23. Despite the refusal by the PTO, Brooklawn may amend its application and attempt to register TIBI TONIC on the Supplemental Register.

24. The mark and designations, "Tibi Tonic" and "Tibi Cocktails" are substantially similar to the TIBI Marks.

25. The unregistered design logo for "Tibi Tonic" bears a strong resemblance to the registered design mark of TIBI, U.S. Reg. No. 3536714 ("Plaintiff's Design Mark"). In addition to using the word "TIBI," TIBI TONIC uses a flower over the first i which is suggestive of the fanciful dots over the i's in Plaintiff's Design Mark.




**AS AND FOR A FIRST CAUSE OF ACTION**
**Federal Trademark Infringement**
**(15 U.S.C. §§ 1114-1118)**

26. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this Complaint.

27. Without Plaintiff's consent, Defendants have adopted, used and continue to use in commerce marks or designations, to wit, "Tibi Tonic" and "Tibi Cocktails," that are likely to cause confusion or mistake among consumers, or to deceive consumers, as to the origin, sponsorship or approval of Defendants' goods.

28.     Defendants' adoption and use of the marks and designations "Tibi Tonic" and "Tibi Cocktails" is neither sponsored nor approved by Plaintiff.

29.     Defendants' conduct has caused and, unless enjoined, will continue to cause damage to Plaintiff's business reputation and goodwill, and inevitable confusion on the part of the public and the trade, for which there is no adequate remedy at law.

30.     Defendants' act of trademark infringement was and is being committed willfully and with the intent to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

31.     Defendants' conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

32.     Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief to enjoin Defendants from using the marks and designations, "Tibi Tonic," "Tibi Cocktails" and any other variation on the TIBI Marks, including without limitation any design mark confusingly similar to the TIBI Marks.

33.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendants from their false designation of origin.

34.     Defendants' trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

35.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all plaques, posters, signs, labels, packages, wrappers, receptacles, advertisements and advertising

materials, web pages, napkins, glasses, t-shirts and other merchandise bearing the infringing mark or designation which are in the possession of Defendants or under Defendants' control.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Designation of Origin, False Advertising and Unfair Competition
### (15 U.S.C. § 1125(a))

36.  Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.  Defendants' conduct complained of herein constitutes the use of symbols or devices tending falsely to describe the infringing product, to wit, "Tibi Tonic," within the meaning of 15 U.S.C. §1125(a)(1).

38.  Defendants' conduct is likely to cause confusion, mistake or deception by or in the public and in the trade as to the affiliation, connection, association, origin, sponsorship or approval of "Tibi Tonic" to the detriment of Plaintiff and in violation of 15 U.S.C. §1125(a)(1).

39.  Defendants' conduct was undertaken willfully and with the intent to cause confusion, mistake and deception on the part of the public and in the trade.

40.  Defendants' conduct has substantially damaged Plaintiff's business reputation and good will.

41.  Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

42.  Defendants' conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

43. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief to enjoin Defendants from using the marks and designations "Tibi Tonic," "Tibi Cocktails" and any other variation on the TIBI Marks, including without limitation any design mark confusingly similar to the TIBI Marks.

44. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendant from its misappropriation of the TIBI Marks and/or unauthorized use of a mark or designation confusingly similar to the TIBI Marks

45. Defendants' acts of unfair competition as alleged herein constitute an exceptional case and were undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

**AS AND FOR A THIRD CAUSE OF ACTION**
<u>**Dilution by Blurring and Tarnishment**</u>
**(15 U.S.C. § 1125(c))**

46. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint.

47. The use by Defendants of the marks and designations, "Tibi Tonic" and "Tibi Cocktails," including the unregistered design mark for "Tibi Tonic," creates a likelihood of dilution of the distinctive quality of the TIBI Marks.

48. As alleged above, Defendants' product is intended to encourage profligate drinking by purporting to offer a product that helps prevent hangovers so users "can indulge like there is no tomorrow."

49. Defendants also make questionable and unsubstantiated health claims for their product in violation of Federal Trade Commission Guidelines, including but not limited to 16 CFR § 255.1.

50. Defendants' product and the claims regarding it are unsavory, disreputable and lack prestige.

51. By incorporating the TIBI Marks into their marks and designations, Defendants place Plaintiff and the TIBI Marks in an unwholesome and/or unsavory context, thereby creating a likelihood of injury to the business reputation and goodwill of Plaintiff.

52. Pursuant to 15 U.S.C. § 1125(c)(1), Plaintiff is entitled to injunctive relief to enjoin Defendants from using the marks and designations, "Tibi Tonic," "Tibi Cocktails" and any other variation on the TIBI Marks, including without limitation any design mark confusingly similar to the TIBI Marks.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Injury to Business Reputation**
**(New York General Business Law, Article 24, § 360-L)**

53. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 52 of this Complaint.

54. The use by Defendants of the marks and designations, "Tibi Tonic" and "Tibi Cocktails," including the unregistered design mark for "Tibi Tonic," creates a likelihood of dilution of the distinctive quality of the TIBI Marks.

55. Pursuant to New York General Business Law, Article 24, § 360-L, Plaintiff is entitled to injunctive relief to enjoin Defendants from using the aforesaid marks and designations.

## AS AND FOR A FIFTH CAUSE OF ACTION
<u>Tarnishment</u>
**(New York General Business Law, Article 24, § 360-L)**

56.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 55 of this Complaint.

57.     Pursuant to New York General Business Law, Article 24, § 360-L, Plaintiff is entitled to injunctive relief to enjoin Defendants from using the aforesaid marks and designations.

## AS AND FOR A SIXTH CAUSE OF ACTION
<u>Common LawTrademark Infringement</u>

58.     Plaintiff realleges and incorporates by reference each of the allegations contained in 1 through 57 of this Complaint.

59.     Defendants have knowingly and willfully adopted marks and designations that are confusingly similar to the TIBI Marks in an unlawful effort to create the impression that it such marks and designations are approved, authorized and endorsed by Plaintiff, as well as to appropriate to itself the goodwill associated with the TIBI Marks.

60.     Defendants' unlawful acts in appropriating the aforesaid exclusive rights of Plaintiff were and are intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

61.     Defendants' unlawful adoption and use of marks and designations that are confusingly similar to the TIBI Marks (a) are calculated and likely to confuse, deceive and mislead consumers into believing that Defendants' products originated or are authorized by

Plaintiff, and (b) have likely caused and are likely to continue to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

62.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its impermissible and unlawful misappropriation of Plaintiff's TIBI Marks in an amount not yet determined or ascertainable.

63.     Defendants' acts as alleged in this Complaint constitute unfair competition which, unless enjoined by this Court, will result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in its TIBI Marks, and (b) the unjust enrichment of Defendants.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Anti-Cybersquatting Consumer Protection Act ("ACPA")
### (15 U.S.C. § 1125(d))

64.     Plaintiff realleges and incorporates by reference each of the allegations contained in 1 through 63 of this Complaint.

65.     Defendants first registered or caused to be registered the domain name tibitonic.com through Tucows, Inc. on January 29, 2011, and updated such registration on October 8, 2012.

66.     Defendants use the domain name, tibitonic.com, to promote, advertise, market and sell their products.

67.     Defendants' domain name, tibitonic.com, incorporates TIBI in its entirety and is confusingly similar to the TIBI Marks.

68.     Defendants registered or caused to be registered the domain name, and use the domain name, tibitonic.com, with the bad faith intent to profit from the TIBI Marks.

69. Plaintiff's TIBI Marks are distinctive and were distinctive as of the date of the registration of Defendants' domain name.

70. Pursuant to 15 U.S.C. § 1125(d)(1)(C), Defendants must be ordered to transfer the domain name, tibitonic.com, to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enters judgment against Defendants as follows:

(a) Granting Plaintiff a preliminary and permanent injunction restraining Defendants and any person or entity acting in concert with them from (1) engaging in any act alleged herein in violation of the United States trademark laws, including but not limited to the use of the infringing marks or designations "Tibi Tonic," "Tibi Cocktails" or any other mark, designation or logo confusingly similar to the TIBI Marks; (2) attempting to register on the Principal or Supplemental Registers in the PTO "Tibi Tonic," "Tibi Cocktails" or any other mark, designation or logo which incorporates the TIBI Marks or are confusingly similar to the TIBI Marks; and (3) engaging in any other act that constitutes infringement, unfair competition, false advertising or trademark dilution in violation of Plaintiffs' rights, including but not limited to the use of the infringing mark or designation "Tibi Tonic" on Facebook, Twitter, Linked In and other social networking sites under Defendants' control;

(b) Requiring Defendants to take any action as may be directed by the Court for the purpose of attempting to alleviate or remedy confusion among consumers caused by Defendants' conduct complained of herein;

(c) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(a) sufficient to compensate Plaintiff for Defendants' trademark infringement, false designation of origin, unfair competition, trademark dilution and tarnishment with respect to the TIBI Marks;

(d) Ordering Defendants to account to Plaintiff for their profits derived by reason of its misappropriation of the TIBI Marks and use of the mark or designation "Tibi Tonic;"

(e) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff the greater of three times Defendants' profits or three times any damages sustained by Plaintiff, whichever is greater;

(f) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(g) Pursuant to 15 U.S.C. § 1118, ordering the destruction of all plaques, posters, signs, labels, packages, wrappers, receptacles, advertisements and advertising materials, web pages, napkins, glasses, t-shirts and other merchandise bearing the infringing mark or designations which are in the possession of Defendants or under Defendants' control.

(h) In the event that Brooklawn's trademark application Serial No. 85240363 issues into a registration, ordering the PTO, pursuant to 15 U.S.C. § 1119, to cancel such registration.

(i) Awarding Plaintiff both pre-judgment and post-judgment interest on any monies to be paid by Defendants;

(j) Awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(k) Transferring the domain name tibitonic.com to Plaintiff; and,

(l) Awarding such other and further relief which the Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 15, 2012

Respectfully submitted:
GORDON E. R. TROY, PC

By: _____
Gordon E. R. Troy
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 881-0640 Phone
(646) 588-1962 Fax
gtroy@webtm.com Email

*Attorney for Plaintiff,* TIBI, LLC.

TIBI LLC v. Tibi Tonic USA, LLC, et. al.
Complaint For Trademark Infringement, Unfair Competition and Tarnishment

Page 16